**STEPHEN L. BRISCHETTO, WSBA #32472**
**DEZI R. ROBB,** Pro Hac Vice
slb@brischettolaw.com
drobb@brischettolaw.com
**Law Office of Stephen L. Brischetto**
621 SW Morrison St Ste 1025
Portland OR  97205
Telephone:  503 223-5814

**MATTHEW C. ELLIS,** *Pro Hac Vice*
matthew@employmentlawpdx.com
**Matthew C. Ellis, PC**
621 SW Morrison St., Ste. 1025
Portland, OR  97205
**Tel:** (503) 345-5497


Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE BALLOU,<br><br>                    Plaintiff,<br><br>         v.<br><br>JAMES MCELVAIN, P.H.D., in his individual and representative capacity; and CITY OF VANCOUVER, a municipal corporation,<br><br>                    Defendants. | CASE NO.  3:19-CV-05002-RBL<br><br>SECOND AMENDED COMPLAINT<br><br>**Jury Trial Demand** |

## I.  JURISDICTION AND VENUE

1.      This is an action for damages under 42 U.S.C. **§** 1983 and Title VII of the Civil Rights Act of 1964.  This court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, 28 USC § 1343(3) and (4) and 42 USC § 2000e-5(f)(3).

**Page 1 –** SECOND AMENDED COMPLAINT

2. This court has supplemental jurisdiction of Plaintiff's state law claims under 28 USC § 1367. Both federal and state law claims alleged herein arose from a common nucleus of operative facts, and the state claims are so related to the federal claims that they form part of the same case or controversy such that the actions would ordinarily be expected to be tried in one judicial proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that the claims and events giving rise to this action alleged herein occurred in Vancouver, Washington in the County of Clark.

## II.  PARTIES

4. Plaintiff, Officer Julie Ballou, is a citizen of the United States and a resident of the State of Washington. Officer Ballou is a police officer for Defendant City of Vancouver's Police Department.

5. Defendant City of Vancouver is a duly organized public corporation that operates the City of Vancouver Police Department in Vancouver, Washington. Defendant City of Vancouver is a "person" for purposes of 42 U.S.C. § 1983 and Plaintiff's employer for purposes of RCW 49.60.178(2)-(3) and RCW 49.60-040(11).

6. At all material times, Defendant McElvain was the Chief of Police for the City of Vancouver Police Department. Defendant McElvain is named in his individual capacity for purposes of Plaintiff's claims for damages and representative capacity for her claims for injunctive relief, and is a "person" for purposes of 42 U.S.C. § 1983.

## III.  FACTUAL ALLEGATIONS

7. Plaintiff has been employed as a police officer for the City of Vancouver from on or about June 2005 through the present.

8. Defendant City of Vancouver has promulgated civil services rules that govern promotion within the Vancouver Police Department including promotion to supervisory positions such as the position of sergeant. The purpose for the civil service exams set forth in the rules is that they should be "competitive, impartial and practical in their character" and "be

designed to qualify and rank applicants in terms of their relative fitness to perform the duties of the class or position for which the exam was ordered."

9. In or about the fall of 2017, Plaintiff went through civil service testing to be considered for promotion to all of the City of Vancouver's open sergeant positions. Based on the exams, Plaintiff was initially ranked 3rd on the police sergeant eligibility list which was certified on or about November 15, 2017; and, was only five points below the top-ranking officer. Plaintiff was also the only female officer ranked in the top ten. The list was valid for 18 months after certification, is still valid to the present day and at no time has Plaintiff been removed from the eligibility list.

10. Defendant McElvain makes hiring decisions for all promotions within the Police Department per the City of Vancouver's civil service rules. These rules require Defendant McElvain to consider only the three highest candidates on the police sergeant eligibility list for promotions. However, in practice, Defendant McElvain has always promoted only the top person from the sergeant, corporal and lieutenant eligibility lists. Defendant McElvain has made it known that it is his practice to only hire from the top of the list because of a specific occasion at a previous employer when he was passed up for promotion by someone below him on the list.

11. The top two on the November 15, 2017 were selected for promotion on or about December 2017 and February 2018. Since February 2018 Plaintiff has been the highest-ranking officer eligible for promotion to Sergeant.

12. In the prior 13 years of employment with the Vancouver Police Department before she was highly ranked for sergeant, Plaintiff had no founded IA investigations against her.

13. Since being ranked highly on the November 15, 2017 police sergeant eligibility list, Defendants have been involved in a bad faith campaign to besmirch Plaintiff's work performance record because of her sex. Defendants' purpose was to deprive her of promotional opportunities, to create a hostile work environment and to force the termination of her employment. Since November 15, 2017, Plaintiff has been subject of six internal affairs investigations by Defendants, all of which were designed to provide Defendants with a bad faith

basis to pass Plaintiff up for promotion, to harass Plaintiff and to ultimately force her termination. Men who engaged in similar alleged conduct as Plaintiff were not passed up for promotion, were not subject to repeated bad faith IA investigations and were not similarly harassed.

14.     In June 2018, Plaintiff was ranked first on the police sergeant eligibility list. She was not subject to any IA investigations at the time. A position came open in June 2018 and, despite being ranked the most eligible employee, Plaintiff was not selected for promotion. This was the first time that Defendant McElvain had deviated from his custom, policy and practice of only hiring from the top of the eligibility list.

15.     After being passed up for the June 2018 promotion process, Plaintiff opposed Defendants' failure to promote and accused Defendants of sex discrimination both in writing and through counsel by way of notice of tort claims.

16.     Since Plaintiff opposed discrimination in 2018, Defendant City of Vancouver, through its City Manager Eric Holmes and its Assistant City Manager Lenda Crawford hired an outside investigator, Michael Bolasina, to investigate Plaintiff's allegations of discrimination. Plaintiff has actively participated in the investigation, which started on or about August 2018, and is ongoing. During this investigation she disclosed to Defendant City both that she was being subjected to discrimination, harassment and retaliation; and the basis of the discrimination, retaliation and harassment. However, after learning of the fact of her complaints and the basis of her complaints, Defendant has taken no corrective action to stop the discrimination, retaliation or harassment. Instead, Plaintiff has been subjected to increased adverse treatment. Since June 2018, Defendant McElvain has initiated not less than four IA investigations of Plaintiff, in bad faith, in direct response to her opposing discrimination and because of her sex. Further, all the IA investigations in 2018 against Plaintiff were directed by Chief McElvain's office, as opposed to arising from complaints by citizens. Furthermore, officers who supported Plaintiff in her allegations of sex discrimination or who provided favorable testimony to Plaintiff in her IA investigation against Defendant McElvain were also subjected to bad faith IA investigations and

other forms of retaliation for supporting Plaintiff's allegations of discrimination.

17. In October 2018, Plaintiff still ranked first on the police sergeant eligibility list. A position came open in October 2018 and Plaintiff again was passed up for promotion. Plaintiff again opposed this discriminatory action by filing a notice of tort claim against Defendant and by opposing discrimination through Defendant's Internal Affairs processes. Defendants responded by initiating additional IA investigations against Plaintiff and extending the time to complete the previous IA investigations to drum up additional allegations against Plaintiff and to force her termination.

18. An additional sergeant position became vacant in December 2018. Defendants initially delayed filling the position until January 31, 2019. Defendants' delay in filling the sergeant's position is an additional act of sex discrimination, harassment and retaliation toward Plaintiff since Plaintiff was entitled to appointment in the position when it came open in December 2018. Furthermore, because Defendants learned that the Complaint was filed in the present case, Case No. 3:19-cv-05002-RBL, which opposed sex discrimination against Defendants and was on a matter of public concern, Defendants decided to fill the position immediately with a male officer who was below Plaintiff on the qualification list, as they had done previously in June and October 2018.

19. Defendants' actions were intentional or in deliberate disregard of Plaintiff's Fourteenth Amendment rights, were under color of state law and deprived Plaintiff of her Constitutional, federal and state law rights to be free from sex discrimination, harassment and retaliation.

20. As a direct and proximate result of Defendants' violations of the United States Constitution and state and federal laws, Plaintiff has suffered lost wages, benefits and employment opportunities, increased tax liability, pre-judgment interest on said losses, emotional distress, mental anguish, injury to her personal and professional reputation, loss of self-esteem and dignity. Plaintiff is entitled to actual damages, including economic and non-economic damages, in an amount to be proved at trial.

21. Plaintiff is entitled to reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988 and RCW 49.60.030(2).

22. Defendants' conduct was carried out with wanton or reckless disregard for Plaintiff's civil rights. Punitive damages should be assessed against Chief McElvain to deter him from such conduct in the future.

23. Plaintiff has filed claims with the EEOC relating to the same acts alleged above and has filed this amended Complaint within 90 days of receiving a Right to Sue Letter from EEOC. Plaintiff exhausted her administrative remedies for her claims under Title VII.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983: Equal Protection)**
**(Against all Defendants)**

24. Plaintiff realleges paragraphs 1 through 23.

25. Defendant McElvain deprived Plaintiff of her Fourteenth Amendment right to be free of sex discrimination by depriving Plaintiff of promotional employment opportunities in June 2018, October 2018, December 2018 and January 2019 and by engaging in a regular and sustained practice of harassment against Plaintiff, by way of numerous bad faith Internal Affairs Investigations that were initiated and controlled by Defendant McElvain's office. Likewise, Defendant McElvain deprived Plaintiff of her Fourteenth Amendment right to be free of sex discrimination by subjecting Plaintiff to a hostile work environment because of her sex through repeated bad faith and discriminatory IA investigations. Lastly, Defendant McElvain deprived plaintiff of her Fourteenth Amendment right to be free of sex discrimination by retaliating against her for opposing Defendants' sex discrimination. Had Plaintiff not been a woman or had not opposed sex discrimination she would not have been passed up for promotion or harassed in this manner.

26. Defendant City of Vancouver is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the deprivation of Plaintiff's Fourteenth Amendment

Page 6 – SECOND AMENDED COMPLAINT

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814

rights was pursuant to a City of Vancouver custom, policy or practice of sex discrimination against women; of retaliation against women who oppose sex discrimination; of the creation of a hostile work environment towards women who oppose sex discrimination; and of sex discrimination, retaliation and harassment against the Plaintiff.

27. At all material times, Defendant McElvain had final policy making authority for the City of Vancouver police department and engaged in the acts alleged herein while acting as a final policymaker for City of Vancouver.  Thus, the Defendant City of Vancouver is liable for the deprivation of Plaintiff's Fourteenth Amendment Rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant City of Vancouver.

28. Defendant City of Vancouver is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because persons in policy-making positions ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983: Petition Clause of First Amendment)
### (Against all Defendants)

29. Plaintiff realleges paragraphs 1 through 23.

30. Defendant McElvain deprived Plaintiff of her First Amendment to petition the government for redress of grievances by continuing his ongoing, bad faith investigations of Plaintiff and by failing to promote Plaintiff to the open Sergeants position in January 2019 because Plaintiff filed the instant lawsuit.

31. Plaintiff's first Complaint in the instant case opposed sex discrimination and retaliation by those in the Vancouver Police Department and addressed matters of public concern.

32. Defendants first learned that the instant lawsuit was filed when they were served with it on January 10, 2019. Because the case was filed against them, Defendants failed to promote Plaintiff in January 2019.

33.     Defendant City of Vancouver is liable for the deprivation of Plaintiff's First Amendment rights because the deprivation of Plaintiff's First Amendment rights was pursuant to a City of Vancouver custom, policy or practice of sex discrimination against women; of retaliation against women who oppose sex discrimination; of the creation of a hostile work environment towards women who oppose sex discrimination; and of sex discrimination, retaliation and harassment against the Plaintiff; and of retaliating against those who express opposition on legal matters with the Chief of Police.

34.     At all material times, Defendant McElvain had final policy making authority for the City of Vancouver police department and engaged in the acts alleged herein while acting as a final policymaker for City of Vancouver.  Thus, the Defendant City of Vancouver is liable for the deprivation of Plaintiff's First Amendment Rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant City of Vancouver.

35.     Defendant City of Vancouver is liable for the deprivation of Plaintiff's First Amendment rights because persons in policy-making positions ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

**THIRD CLAIM FOR RELIEF**
**(RCW 49.60.180 – Sex Discrimination)**
**(Against Defendant City of Vancouver)**

36.     Plaintiff realleges paragraph 1 through 23 as though fully set forth herein.

37.     Defendant discriminated against Plaintiff because of her sex by failing to promote plaintiff in June 2018, October 2018, December 2018 and January 2019 and discriminating against her in the terms and conditions of her employment because of her sex. This includes creating a hostile work environment by initiating repeated bad faith workplace investigations against Plaintiff because of her sex. These investigations were unwelcome, severe and pervasive and such that a reasonable woman in Plaintiff's position would have found offensive.

**FOURTH CLAIM FOR RELIEF**
**(42 USC § 2000e-2(a) – Sex Discrimination)**
**(Against Defendant City of Vancouver)**

38. Plaintiff realleges paragraph 1 through 23 as though fully set forth herein.

39. Defendant discriminated against Plaintiff because of her sex by failing to promote plaintiff in June 2018, October 2018, December 2018 and January 2019 and discriminating against her in the terms and conditions of her employment because of her sex. This includes creating a hostile work environment by initiating repeated bad faith workplace investigations against Plaintiff because of her sex. These investigations were unwelcome, severe and pervasive and such that a reasonable woman in Plaintiff's position would have found offensive.

**FIFTH CLAIM FOR RELIEF**
**(RCW 49.60.210 – Retaliation)**
**(Against Defendant City of Vancouver)**

40. Plaintiff realleges paragraph 1 through 23 as though fully set forth herein.

41. Defendant retaliated against Plaintiff for opposing sex discrimination, a practice forbidden under RCW 49.60.180, by subjecting Plaintiff to bad faith investigations designed to force Plaintiff's termination, delaying their fill of a vacant sergeant position in December 2018 and by failing to promote Plaintiff in October 2018, December 2018 and January 2019. The bad faith investigations were a change in the terms and conditions of her employment and severe and pervasive enough to constitute retaliatory hostile work environment.

**SIXTH CLAIM FOR RELIEF**
**(42 USC § 2000e-3(a) _– Retaliation)**
**(Against Defendant City of Vancouver)**

42. Plaintiff realleges paragraph 1 through 23 as though fully set forth herein.

43. Defendant retaliated against Plaintiff for opposing sex discrimination, a practice forbidden under Title VII of the Civil Rights Act of 1964 by subjecting Plaintiff to bad faith investigations designed to force Plaintiff's termination, delaying their fill of a vacant sergeant position in December 2018 and by failing to promote Plaintiff in October 2018, December 2018 and January 2019. The bad faith investigations were a change in the terms and conditions of her employment and severe and pervasive enough to constitute retaliatory hostile work environment.

**WHEREFORE**, Plaintiff requests a trial by jury and entry of judgment in favor of Plaintiff and against all Defendants for the following relief:

1. On all Plaintiff's Claims for relief, an award of economic damages including lost wages, lost fringe benefits, increased tax liability and pre-judgment interest in an amount to be determined at trial;

2. On all Plaintiff's Claims for relief, an award of damages for mental and emotional distress, damage to reputation, and other compensatory damages in an amount to be determined at trial;

3. On all Plaintiff's Claims for relief, injunctive relief requiring Defendant City of Vancouver to place Plaintiff in the same position that she would have been had she been promoted in June, October or December 2018 with regard to seniority, compensation, benefits, probationary status and other rights affected by the delay in promotion;

4. On all Plaintiff's Claims for relief, an award of attorney fees, costs and disbursements;

5. On all Plaintiff's Claims for relief against the individual Defendant, punitive damages in an amount to be proved at trial;

6. On all Plaintiff's Claims for relief, a Declaration that all Defendants violated

Plaintiff's constitutional rights to equal protection and state rights to be free from sex discrimination and retaliation

    7.    Such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

DATED this 15th day of May, 2019.

                        By    /s Stephen L. Brischetto

                        **STEPHEN L. BRISCHETTO**
                        WSBA No. #32472
                        (503) 223-5814

                        Of Attorneys for Plaintiff

Plaintiff demands a trial by jury.

                        By    /s Stephen L. Brischetto
**STEPHEN L. BRISCHETTO**
    WSBA No. #32472
    (503) 223-5814

**Page 11** – SECOND AMENDED COMPLAINT

LAW OFFICE OF STEPHEN L. BRISCHETTO
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone: (503) 223-5814