HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE BALLOU,

    Plaintiff,

v.

JAMES McELVAIN and CITY OF VANCOUVER,

    Defendant.

CASE NO. 3:19-cv-05002-RBL

ORDER ON DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

  THIS MATTER is before the Court on Defendants James McElvain and City of Vancouver's Motion for Partial Judgment on the Pleadings. Dkt. #24. Plaintiff Julie Ballou, a police officer in Vancouver, alleges that McElvain, Vancouver's Police Chief, discriminated against her on the basis of sex in failing to promote her to a sergeant position. She sued him and the City under 42 U.S.C. § 1983 for violation of her First and Fourteenth Amendment rights, and sued the City under state and federal law for Sex Discrimination and Retaliation.

  Defendants argue Ballou failed to allege facts plausibly showing that the City had an unlawful official policy of sex discrimination, and that it is not responsible for McElvain's actions because he is not a "final policymaker." They also argue that Ballou's First Amendment claim is negated because it is not a "matter of public concern." Finally, Defendants argue that

McElvain is entitled to qualified immunity because it is not clearly established that Ballou's claims constitute a matter of public concern, or that the Fourteenth Amendment protects

**DISCUSSION**

**1.      Legal Standard**

The standard applicable to a 12(c) motion for judgment on the pleadings mirrors that of a 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation *1150 of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft*, 129 S.Ct. at 1937 (citing *Twombly*). The Court must construe all allegations in the light most favorable to the nonmoving party. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

**2.    Municipal Liability**

Defendants argue that the City is not liable for McElvain's actions because Ballou did not plausibly allege that McElvain's sex discrimination was part of a "custom and practice so sufficiently widespread to amount to a deliberately indifferent municipal policy." Dkt. #24 at p. 9. They also argue that the Vancouver City Charter, not McElvain, has the final policymaking authority that could otherwise trigger municipal liability.

Ballou responds that her complaint alleges "repeated constitutional violations directed at plaintiff because of her gender; the failure to take corrective action to stop the constitutional violations after notice; and the occurrence of additional constitutional violations against plaintiff and others." Dkt. #25 at p. 3. She also argues that the City Manager is the policymaker with respect to personnel affairs, who plausibly delegates that authority to the Chief of Police "for development of policy related to the Police Department." Dkt. #25 at p. 8.

Municipalities can be liable for their employees' constitutional violations under Section 1983, but not under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 439 S. Ct. 2018 (1978). Instead, a plaintiff must show a "deliberate" official municipal policy or custom which "was the moving force behind the injury alleged." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 117 S.Ct. 1382 (1997). This can be established in one of three ways: "(1) that an employee was acting pursuant to an expressly adopted official policy; (2) that an employee was acting pursuant to a longstanding practice or custom; or (3) that an employee was acting as a 'final policymaker.'" *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). If an employee is a final policymaker, "a municipality can be liable for an isolated constitutional violation," even if there is no longstanding custom or the "decision is not intended to govern

future situations." *Christie v. Iopa*, 176 F.3d 1231, 1235 (1999) (citing *City of St. Louis v. Praprotnik*, 108 S.Ct. 915 (1988); *Gillette v. Delmore*, 979 F.2d 1342, 1347 (1992)).

Whether an employee is a final policymaker is a question of state law. *City of St. Louis v. Praprotnik*, 108 S.Ct. 915, 924 (1988). While policymaking authority may be delegated directly through legislation, "it may also be delegated by an official who possesses such authority." *Lytle*, 382 F.3d at 983 (citing *Pembaur v. Cincinnati*, 106 S.Ct. 1292 (1986). The essential question is whether the employee has "authority in a particular area, or on a particular issue," and whether that authority is "such that a final decision by that person may appropriately be attributed to the District." *Id.* (citing *McMillian v. Monroe County*, 117 S.Ct. 1734 (1997)).

Ballou alleges that the City Manager is responsible for personnel decisions, and that it is unclear "whether the City Manager has or has not delegated policymaking authority to the Chief of Police." Dkt. #25 at p. 8. It is an undisputed fact, however, that "McElvain makes hiring decisions for all promotions within the Police Department per the City of Vancouver's civil service rules." Dkt. #21 at p. 3. Ballou also alleges that the Manager "took no corrective action to stop the unlawful conduct," plausibly implying that the Manager either ratified McElvain's decision or that his decision is unreviewable, both of which "state a plausible claim against the City based upon the City Manager delegating authority to the Police Chief for development of policy related to the Police Department." Dkt. #25 at p. 8. These allegations are plausible.

**3. Public Concern**

Defendants argue that Ballou's First Amendment retaliation claims fail because they involve her "private employment grievances," and therefore fall "outside the scope of 'matters of public concern'" required to state a First Amendment retaliation claim against a public employer. Dkt. #24 at p. 4, 5. Ballou responds that it does not matter that her speech was internal, and that

her complaints of discrimination are matters of public concern as a matter of law. Dkt. #25 at p. 11.

The Petition Clause of the First Amendment protects "the right of the people…to petition the Government for a redress of grievances," which includes access to the courts. U.S. Const., Amdt. 1; *California Motor Transport Co. v. Trucking Unlimited*, 92 S.Ct. 609 (1972). If a public employee sues a government employer under the Petition Clause, however, the employee must show that his or her speech was "a matter of public concern." *Borough of Duryea, Pa. v. Guarnieri*, 131 S.Ct. 2488 (2011). The employee's First Amendment interests must then be "balanced against the countervailing interest of the government in the effective and efficient management of its internal affairs," and, "if that balance favors the public employee, the employee's First Amendment claim will be sustained." *Id*. at 2500.

Whether an employee's speech is a matter of public concern "must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 103 S. Ct. 1684, 1690 (1983). The speech is not a matter of public concern if it "cannot be fairly considered as relating to any matter of political, social, or other concern to the community." *Id*. However, "disputes over…discrimination by public officials are not simply individual personnel matters," but instead "involve the type of governmental conduct that affects the societal interest as a whole." This applies to "invidious discrimination," even if it only "consists of a single act or pattern of conduct." *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 926 (9th Cir. 2004). It also does not matter if the speech was purely internal. *See Givhan v. W. Line Console Sch. Dist.*, 99 S. Ct. 693 (1979); *Connick*, 103 S. Ct. 1684.

Ballou alleges sex discrimination by a public employer. This is not simply a personnel matter, but is inherently a matter of public concern. The City's interests in efficiency or

otherwise cannot conceivably outweigh Ballou's interests in preventing discrimination, and its motion for judgment on the pleadings on this basis is DENIED.

4. **Qualified Immunity**

Defendants argue that, "at a minimum," McElvain is entitled to qualified immunity because it was not clearly established that Ballou's "private employment grievances" are matters of public concern sufficient to support a First Amendment retaliation claim against a government employer. Dkt. #24 at p. 4, 5. They also argue that McElvain is entitled to qualified immunity because it is not clearly established that the Equal Protection Clause extends to retaliation claims.

Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The purpose of the doctrine is to "protect officers from the sometimes 'hazy border' between excessive and acceptable force." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)). A two-part test resolves claims of qualified immunity by determining whether plaintiffs have alleged facts that "make out a violation of a constitutional right," and if so, whether the "right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 553 U.S. 223, 232 (2009).

Qualified immunity protects officials "who act in ways they reasonably believe to be lawful." *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011) (quoting *Anderson*, 483 U.S. at 631). The reasonableness inquiry is objective, evaluating 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Huff v. City of Burbank*, 632 F.3d 539,

549 (9th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Even if the officer's decision is constitutionally deficient, qualified immunity shields her from suit if her misapprehension about the law applicable to the circumstances was reasonable. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Qualified immunity "gives ample room for mistaken judgments" and protects "all but the plainly incompetent." *Hunter v. Bryant*, 502 U.S. 224 (1991).

It is clearly established that complaints of gender discrimination against a public employer are matters of public concern. Additionally, the Court finds it sufficiently obvious that in 2018 the Chief of Police of a major police department did know, or should have known, that sexually discriminating against an employee and retaliating against her for voicing her concerns, violates her clearly established constitutional rights. Defendants' Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

Dated this 12th day of August, 2019.

Ronald B. Leighton
United States District Judge