UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE BALLOU,<br><br>                Plaintiff,<br>    v.<br><br>JAMES MCELVAIN,<br><br>                Defendant. | CASE NO. C19-05002-DGE<br><br>ORDER CLARIFYING THE COURT'S ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 67) |

**I       INTRODUCTION**

This matter comes before the Court on the Ninth Circuit's Remand (Dkt. No. 91), asking the Court to clarify its Order (Dkt. No. 67), denying Defendant James McElvain's Motion for Summary Judgment. (Dkt. No. 37.) Having reviewed the Order, the Ninth Circuit's Opinion, and the remainder of the record, the Court finds that McElvain's Motion for Summary Judgment on Ballou's Fourteenth Amendment Equal Protection retaliation claim is GRANTED, and that claim is DISMISSED with prejudice.

## II  BACKGROUND

The case involves Plaintiff Julie Ballou's claim that the City of Vancouver and its Police Chief, McElvain, discriminated against her based on her sex, and retaliated against her for objecting to that discrimination. She asserted 42 U.S.C § 1983 claims based on the violation of her First and Fourteenth Amendment rights, including specifically a claim that McElvain violated her Fourteenth Amendment right to Equal Protection by retaliating against her for complaining about the discrimination. McElvain sought summary judgment, arguing that there was no evidence supporting Ballou's discrimination claim and that her retaliation claim was not recognized. (Dkt. No. 37.)

Judge Leighton of this Court denied McElvain's Motion for Summary Judgment (Dkt. No. 67), and McElvain immediately appealed the denial of qualified immunity. (Dkt. No. 73.) The Ninth Circuit affirmed this Court's denial of qualified immunity on Ballou's discrimination claim. *Ballou v. McElvain*, 29 F.4th 413, 427–28 (2022). But because it could not "discern from the district court's order whether it granted, denied, or did not address McElvain's assertion of qualified immunity as to Ballou's Equal Protection retaliation claim," the Ninth Circuit remanded to this Court and asked it to "clarify what, if any, action it took with respect to" that claim. *Id*. at 428.

McElvain's Motion for Summary Judgment argued that courts do not recognize a Fourteenth Amendment Equal Protection retaliation claim, and that as a result that the Court should "reject the claim outright." (Dkt. No. 37 at 23.) Judge Leighton's Order declined to do that, acknowledging that it was "a close question." (Dkt. No. 67 at 8.) The Order correctly concluded that there is not a Ninth Circuit (or Supreme Court) case "flatly holding that Equal Protection does not apply to a retaliation claim." (*Id*.) The Order denied McElvain's Motion on

that basis, but—like McElvain's underlying motion (Dkt. No. 37)—did not explicitly address whether McElvain was still entitled to qualified immunity on Ballou's Fourteenth Amendment retaliation claim.[1]

The Ninth Circuit remanded for clarification, fairly pointing out that the Order's "analysis of the merits of the Equal Protection claim" (that there was not a binding case supporting McElvain's position that no such claim is recognized) was "inconsistent with denying qualified immunity on that claim" (which would imply that the viability of such a claim is clearly established). *Ballou*, 29 F.4th at 428.  It also emphasized that under the collateral order doctrine, it had jurisdiction only to review the denial of qualified immunity and therefore asked the Court to clarify its reasoning. *Id*.

### III     DISCUSSION

The Court notes that the Order was entered by the Honorable Ronald B. Leighton, who retired in August 2020. Accordingly, this Court cannot clarify the reasoning behind the Order. It must address the issue itself, based on the record, the briefing, and the Ninth Circuit's Opinion.

Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A two-part test resolves claims of qualified immunity by determining whether plaintiff has alleged facts that "make out a violation of a constitutional right[,]" and if so, whether the "right at issue was 'clearly

---

[1] The Court notes that in his Reply, McElvain did raise the issue that because "[t]he precise contours of when the Equal Protection Clause extends to retaliation remain unsettled," that "McElvain is entitled to qualified immunity." (Dkt. No. 58 at 11.)

established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

This case is perhaps a little unusual because the first question—whether Ballou has made out a constitutional violation—centers not on her evidence, but on whether the Fourteenth Amendment ever protects an employee from retaliation for complaining about a different constitutional violation. This Court agrees that, viewed in the light most favorable to Ballou, her evidence supports her allegation that McElvain retaliated against her for complaining about discrimination. It also concludes that Ballou has made out a case that such retaliation violates her Fourteenth Amendment rights.

But as the Ninth Circuit points out, the fact there is no binding authority holding that a Fourteenth Amendment retaliation claim is *not* cognizable, as a matter of law, does not mean there *is* clear authority that would notify a reasonable official that his actions violated the constitution. *Ballou*, 29 F.4th at 428.

Ballou did not demonstrate that McElvain's retaliation violated her Fourteenth Amendment rights under "clearly established" authority. Even if McElvain's actions violated Ballou's constitutional rights, he is therefore entitled to qualified immunity on that specific claim. McElvain's Motion for Summary Judgment on Ballou's Fourteenth Amendment Equal Protection retaliation claim is GRANTED, and that claim is DISMISSED with prejudice.

### IV    CONCLUSION

Accordingly, and having considered the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that McElvain's Motion for Summary Judgment on Ballou's Fourteenth Amendment Equal Protection retaliation claim is GRANTED, and that claim is DISMISSED with prejudice.

1. The parties shall file no later than August 29, 2022 a revised joint status report pursuant to LCR 26(f) outlining the status of Plaintiff's remaining claims and proposing trial and pretrial dates and deadlines.

Dated this 3rd day of August 2022.



David G. Estudillo
United States District Judge