UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE BALLOU,<br><br>               Plaintiff,<br><br>     v.<br><br>JAMES MCELVAIN,<br><br>              Defendants. | CASE NO. 3:19-cv-05002-DGE<br><br>ORDER ON MOTION ADDRESSING UNDECIDED SUMMARY JUDGMENT ARGUMENT OR REOPENING DISCOVERY FOR A LIMITED PURPOSE (DKT. NO. 107) |

### I.    INTRODUCTION

This matter comes before the Court on Defendant City of Vancouver's Motion for Addressing Undecided Summary Judgment Argument or Reopening Discovery For a Limited Purpose. (Dkt. No. 107.)

### II.    BACKGROUND

This case stems from Plaintiff Julie Ballou's claim against the City of Vancouver and its now-retired police chief James McElvain. Ballou asserts the Defendants discriminated against her based on her gender and retaliated against her for complaining about the alleged

discrimination. Ballou, a police officer, alleges she was passed up for promotion to the rank of sergeant in favor of male colleagues three times. (Dkt. No. 21 at 3-5.) She alleges City civil service rules require McElvain, who was responsible for all promotions to the rank of sergeant, to only promote from the top three officers, as ranked by civil service merit exams. (*Id*. at 3.) McElvain further had a policy whereby he only promoted the person in the top-ranked position. (*Id*.)

Ballou alleges that since gaining a spot in the top-three tier, she has been the subject of six internal affairs ("IA") investigations. (*Id*. at 4–5.) She alleges these IA investigations were a bad-faith attempt to provide an excuse for not promoting her. (*Id*. at 3–4.) In June 2018, when Ballou was at the top of the ranking officers list, a sergeant position opened up. McElvain, for the first time, passed on Ballou and chose a male candidate who was not at the top of the list. (*Id*. at 4.)

After not being selected in June 2018, Ballou began to make a series of complaints against McElvain and the City, including internally, with the Equal Employment Opportunity Commission, and this lawsuit. (*Id*. at 5–6.) She alleges that after beginning her complaints, a series of additional IA investigations were instigated against her. (*Id*. at 4.) Ballou believes these IA investigations were a form of retaliation against her for making the discrimination complaints.

In the Second Amended Complaint, Ballou asserts 42 U.S.C. § 1983 Equal Protection and First Amendment violation claims against both the City and McElvain, as well as a Washington state law claim for sex discrimination and Title VII sex discrimination and retaliation claims against the City.

In September 2022, McElvain and the City brought motions for summary judgment. (Dkt. No. 37, 46.) This Court, through the Honorable Ronald B. Leighton who retired from the bench in August 2020, denied McElvain's Motion for Summary Judgment on Ballou's Fourteenth and First Amendment claims, and for qualified immunity. (Dkt. No. 67 at 12–13.) It all but denied the City's motion on the same bases, with the exception of the Title VII and state law hostile work environment claim. (*Id*. at 13.)

Defendants appealed this ruling to the Ninth Circuit. (Dkt. No. 73.) The Ninth Circuit affirmed the bulk of the order but remanded to the district court for clarity as to the Fourteenth Amendment violation. *Ballou v. McElvain*, 29 F.4th 413 (9th Cir. 2022). On remand, the Court clarified Ballou did not demonstrate McElvain violated her Fourteenth Amendment rights under "clearly established" authority. (Dkt. No. 94 at 4.) As such, the Court held McElvain was entitled to qualified immunity and granted his motion for summary judgment on Ballou's Fourteenth Amendment Equal Protection retaliation claim. (*Id*.)

The City then filed the instant motion. (Dkt. No. 107.) The City argues the Court, in its prior summary judgment order, did not decide whether the IA investigations were adverse employment actions as relevant to the retaliation claims. (*Id*. at 2.) It requests this Court grant summary judgment as to that unresolved issue, or alternatively, re-open discovery so it can depose Ballou regarding her claims that the 2021 IA investigation was retaliatory.

### III.   DISCUSSION

A. Legal Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

      The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

      The Ninth Circuit has provided additional guidance when an employer brings a motion for summary judgment in an employment discrimination case. Such motions must be carefully

examined in order to zealously guard an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses. *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004). This high standard means that an employee need only produce "very little evidence" to survive summary judgment in a discrimination case because the ultimate question is one that can only be resolved through a "searching inquiry" – one that is most appropriately conducted by the factfinder, upon a full record. *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996) (internal quotations omitted).

### B. The City's Motion Is an Untimely Motion to Reconsider.

The City asserts Judge Leighton's April 17, 2020 Order never addressed whether an IA investigation could support a retaliation claim. (Dkt. No. 107 at 2). Notwithstanding, it is clear the April 17, 2020 order acknowledged the City's arguments and nonetheless denied the City's arguments. To the extent the City felt the Order was improper, incorrectly decided, or failed to address the City's arguments, the City was required to file a motion for reconsideration "within fourteen days after the order to which it relates is filed." LCR 7(h)(2). The City did not file the present motion within the required time limits. On this basis alone, the Court DENIES the City's motion.

### C. In Addition, an IA Investigation That Does Not Result in a Formal Adverse Employment Action Can Support a Retaliation Claim if the IA Investigation Eliminates the Position Sought.

The City contends its motions presents a lone legal question: "whether an employee can premise a claim of retaliation under either Title VII or the Washington Law Against Discrimination . . . on being investigated when no discipline occurs, particularly when the investigation had no impact on any promotional opportunity." (Dkt. No. 112 at 2.)

The elements of a prima facie case for retaliation are set out in *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1354 (9th Cir.1984) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The plaintiff must show (1) that she was engaging in a protected activity, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between the protected activity and the adverse employment decision. *Id.* However, where a claim of retaliation involves an alleged failure-to-hire, a plaintiff "meets her prima facie burden by showing that (1) she engaged in protected activities, (2) the position was eliminated as to her, and (3) the position was eliminated as to her because of the protected activities." *Ruggles v. California Polytechnic State Univ.*, 797 F.2d 782, 785 (9th Cir. 1986). *Ruggles v. California Polytechnic State Univ.*, 797 F.2d 782, 786 (9th Cir. 1986).

Once a plaintiff has met their burden in establishing a prima facie case for retaliation, the burden shifts to the defendant. *McDonnell Douglas Corp.*, 411 U.S. at 802 (1973). The defendant must then "articulate some legitimate, nondiscriminatory reason for the 'adverse employment decision.'" *Ruggles*, 797 F.2d at 785 (internal quotations and citation omitted). If the defendant is able to provide a reason for the decision, the plaintiff bears the burden of proving "that the proffered reasons are pretexts for retaliation[.]" *Id*. at 786.

The Court understands Ballou's retaliation claim involves a failure-to-promote, which for all intents and purposes is a retaliation claim based on a failure-to-hire. (Dkt. No. 21 at 10-11) ("Defendants retaliated . . . by subjecting Plaintiff to bad faith investigations designed to force Plaintiff's termination, delaying their fill of a vacant sergeant position . . . [,] and by failing to promote Plaintiff[.]"). Thus, it matters not whether an IA investigation resulted in a traditional adverse employment action against Ballou. The issue is whether the IA investigations resulted in the elimination of the employment position Ballou sought, which in turn could support a

retaliation claim.  The Ninth Circuit indirectly commented on this issue while analyzing Ballou's disparate treatment claim:

> Ballou contends that McElvain initiated several investigations charging Ballou with misconduct.  These investigations became the state grounds for denying Ballou a promotion to which she was otherwise entitled, thus directly limiting her career progression.  *The investigations had a direct material impact on her employment, by blocking her path to promotion*.

*Ballou*, 29 F.4th at 427 (emphasis added).

> The record also indicates that Ballou was subjected to repeated internal affairs investigations for failure to write up reports on incidents, while male officers were not routinely subjected to investigations for the same conduct, and that *the investigations became a purported reason she was not promoted*.

*Id*. at 422 (emphasis added).

Thus, viewing the facts in the light most favorable to the Ballou, it appears the trier of fact could conclude the IA investigations resulted in the elimination of the position Ballou had sought and therefore can support Ballou's retaliation claim.  *See also Campbell v. Hawaii Department of Education*, 892 F.3d 1005, 1022 (9th Cir. 2018) ("We have previously indicated that merely investigating an employee—regardless of the outcome of that investigation—likely can support a claim for Title VII retaliation.").

Accordingly, the Court finds no need to engage in an analysis of whether Judge Leighton completely addressed whether an IA investigation is an "adverse employment action" for purposes of Ballou's retaliation claim.

The City's Motion is therefore DENIED.

**D.  There is No Basis to Reopen Discovery.**

As an alternative form of relief, the City seeks leave to depose Ballou about the 2021 IA investigation.  Ballou, however, states she does not "seek damages for IA investigation IA 2021-0035 (for which Defendant now seeks to reopen discovery)[.]"  (Dkt. No. 111 at 6.)  Ballou also

ORDER ON MOTION ADDRESSING UNDECIDED SUMMARY JUDGMENT ARGUMENT OR REOPENING DISCOVERY FOR A LIMITED PURPOSE (DKT. NO. 107) - 7

identifies that her claimed damages are "for adverse actions prior to January 19, 2019[.]" (*Id.*) In response, the City acknowledges "further discovery relating to IA investigations occurring after [January 19, 2019] would no longer be necessary[.]" Dkt. No. 112 at 3.)

Accordingly, the need for discovery is moot and any request to reopen discovery is DENIED.

### IV.  CONCLUSION

Accordingly, the Court hereby DENIES Defendant City of Vancouver's motion for partial summary judgment and for re-opening discovery.

Dated this 24th day of July, 2023.

David G. Estudillo
United States District Judge

ORDER ON MOTION ADDRESSING UNDECIDED SUMMARY JUDGMENT ARGUMENT OR REOPENING DISCOVERY FOR A LIMITED PURPOSE (DKT. NO. 107) - 8