UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE BALLOU,

                Plaintiff,

    v.

JAMES MCELVAIN ET AL,

                Defendants.

CASE NO. 3:19-cv-05002-DGE

PRETRIAL CONFERENCE
AGENDA

1. **Trial Date and Duration**

   a. **Trial date:** November 6, 2023

      i. Jury selection via Zoom: November 6, 2023

      ii. Opening statement and presentation of evidence: November 7, 2023

   b. **Trial schedule:**

      i. Monday, November 6, 2023 – Thursday, November 9, 2023
      ii. Monday, November 13, 2023 – Thursday, November 16, 2023
      iii. Monday, November 20, 2023 – Tuesday, November 21, 2023

iv.  Hours: 9:00 a.m. to 4:30 p.m., with two 15-minute breaks at 10:30 a.m. and 2:45 p.m.

**c.  Issues for trial (per Proposed Pretrial Order (Dkt. No. 133)):**

  i.  Claims
1. Sex discrimination and retaliation in violation of 42 U.S.C. § 2000e-2(a) & 3(a) (Defendant City)
2. Sex discrimination and retaliation in violation of Washington Law Against Discrimination, RCW. 49.60.180 & 49.60.210 (Defendant City)
3. Equal Protection rights to be free of sex discrimination, harassment because of sex, and retaliation for opposing sex discrimination in through 42 USC §1983 (Defendant City)
4. Equal Protection rights to be free of sex discrimination and harassment because of sex through 42 USC §1983 (Defendant McElvain)
5. First Amendment right to be free from retaliation for the exercise of the right to petition the government through 42 USC §1983 (Defendants City and McElvain)

  ii.  Defenses
1. None.

  iii.  Relief

1. Damages claims tried to the jury and claims for a declaratory judgment, injunctive relief and equitable relief tried to the Court.

**d.  Possibility of settlement conference:** The Court is willing to arrange for a settlement judge to mediate a settlement before trial if the parties believe it would be fruitful.

**e.  Estimated length of trial:** 10 days (not including jury selection).  The parties should be prepared to give an updated estimated trial length at the pretrial conference.

**f.  COVID-19 protocol:** Any juror is welcome to wear a mask if they desire.

**2.  Motions in Limine**

**a.** Plaintiff and Defendants timely submitted agreed and disputed motions in limine. (Dkt. Nos. 118, 119, 120.)  Defendants provided a response to Plaintiff's motions in limine.  (Dkt. No. 129.)  Plaintiff's original opposition to Defendants' motions in limine was stricken because it was untimely and failed to comply with the word

limit.  (Dkt. No. 139.)  Plaintiff was directed to file a new opposition.  (*Id*.)
Plaintiff timely refiled their opposition.  (Dkt. No. 140.)

    **b.**  The Court expects to rule on the motions at the pre-trial conference.

**3.  Jury Selection**

    **a.**  Selection by video (Zoom) (remainder of trial in-person)

    **b.**  Panel of around 25 to be called

    **c.**  Eight (8) jurors, no alternates—unanimous

    **d.**  Voir dire

        i.  See **Appendix A** below for Court's general questions.  The parties should be prepared at the pretrial conference to identify any objections to the opposing party's proposed voir dire questions/subjects.

        ii.  Time allowed for attorney questioning: 25 minutes. Parties can reserve time.

        iii.  The court will not allow questions which:

            1.  Have already been asked,

            2.  Anticipate instructions on the law which have not yet been given,

            3.  Ask a juror to speculate or comment on his/her verdict if certain facts are proved,

            4.  Are in substance arguments of the case,

            5.  Solicit a juror's opinion as to the law or legal terms,

            6.  Are clearly irrelevant and/or seek to embarrass, or establish rapport with, a juror, or

            7.  Are grossly unfair or embarrassing to the juror, and where the average juror cannot know the answer.

    **e.**  Challenges for cause following voir dire and outside the presence of the jury.

    **f.**  Three (3) preemptory challenges for each side.

    **g.**  Seating during voir dire – fully remote.

    **h.**  The Court expects to rule on Defendants' motion regarding juror questionnaire subsequent to the pretrial conference.

**4.**  **Upcoming deadlines**

    **a.**  **Missing Agreed Neutral Statement of the Case**

         i.  The Court directed the parties to file an agreed neutral statement of the case.  (*See* Dkt. No. 102.)  The parties have not done so and must submit by October 30, 2023.

    **b.**  **Submitting evidence**

         i.  An exhibit list in Microsoft Word format must be emailed to Gretchen Craft, Courtroom Deputy, at <u>gretchen_craft@wawd.uscourts.gov</u> by November 6, 2023.

         ii.  Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as on a thumb drive in PDF format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF). The original and two copies of the trial exhibits must be delivered to Ms. Craft no later than seven days prior to the trial date (**November 6, 2023**). If JEEPS is being used, only one set of paper exhibits is required.

         iii.  Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Craft in Word format no later than **November 6, 2023**.

    **c.**  **Jury Instructions**

         i.  Per LCR 51, the parties submitted joint and disputed jury instructions for review by the Court on October 16, 2023. (Dkt. Nos. 122, 131.)

    **d.**  **Settlement**

         i.  **Local Rule 39(d) states:** "Where cases set for trial by jury are settled or agreed to be tried without a jury, notice of such agreement shall be filed in the clerk's office as soon as possible but no later than five (5) days before the day on which the case is set; otherwise jury expenses incurred by the government, if any, shall be paid to the clerk by the parties agreeing to

such settlement or waiver. And where a continuance of such a case shall be applied for by one side, and resisted by the other, and granted by the court, the payment of jury expenses incurred by the government, if any, by the party applying for the continuance shall in all cases be one of the conditions of the continuance unless such continuance be granted as a matter of right and was not due to any fault of the moving party."

    ii. **Deadline to notify court of settlement:** November 1, 2023

**5. Opening statements:**

    **a.** Length of opening statements:

        i. Plaintiffs: 30 minutes
        ii. Defendants: 30 minutes

    **b.** Procedure of openings (e.g., podium and use of exhibits during openings)

        i. If you are going to use exhibits or demonstratives in your opening, they need to be shown to the other side ahead of time and consented to; any disputes should be raised with the Court before opening statements.

    **c.** Use of charts, diagrams, timelines, and/or exhibits to be used during opening statements:

    **d. Juror notetaking:** jury to receive note pads after opening statements

**6. Closing arguments**

    **a.** Plaintiff's proposed estimate: 45 minutes to an hour

    **b.** Defendant's proposed estimate:  45 minutes to an hour

**7. Questions from jurors during trial:** this will be permitted.  The Court will discuss questions with counsel before presenting the witness with any questions from the jury.

**8. Plaintiff's witnesses:**

    **a.** Julie Ballou (will testify)

    **b.** Brian Ruder (will testify)

    **c.** Amy Foster (will testify)

    **d.** David King (will testify)

**e.** Nanette Kistler (will testify)

**f.** Miranda Skeeter (will testify)

**g.** James McElvain (will testify)

**h.** Eric Holmes (will testify)

**i.** Doug Luse (will testify)

**j.** Michael Bolasina

**k.** Kevin Hatley

**l.** Barbara Kipp

**m.** Jeff Kipp

**n.** Lisa Takach (will testify)

**o.** Michael Lester

**p.** Kathy McNicholas

**q.** Holly Musser

**r.** Jeff Olson (will testify)

**s.** Troy Price

**t.** Debra Quinn

**u.** Liani Reeves

**v.** Jennifer Singleton

**w.** Chris Sutter

**x.** Todney Trumpf

**y.** Thomas DeMarco

**z.** Norman Ballou

**aa.** Vicki Ballou

**bb.** Matthew Ballou

**cc.** Jeff Skeeter

**dd.** Officer Jake Carlow

**ee.** Officer Tanya Wollstein

**ff.** Sgt. Katie Savage

**gg.** Ryan Junker

**9. Defendant's witnesses:**

    **a.** James McElvain (will testify)

    **b.** Barbara Kipp (will testify)

    **c.** Doug Luse (will testify)

    **d.** Lee Lofton (will testify)

    **e.** Brian Ruder (will testify)

    **f.** Rod Trumpf (will testify)

    **g.** Jan Adkins-Pont (will testify)

    **h.** Marcella Fleming Reed (will testify)

    **i.** Jaycee Elliott

    **j.** Troy Price

    **k.** Duane Boynton

    **l.** Pat Kennedy

    **m.** Kevin Hatley

    **n.** Jeremy Free

    **o.** Ryan Junker

    **p.** McAvoy Shipp

    **q.** Danielle Wass

    **r.** Deanna Watkins

    **s.** Tanya Wollstein

    **t.** Therese Kubala

    **u.** Chris Sutter

    **v.** Jeff Olson

    **w.** Michael Bolasina

    **x.** Kim Kapp

    **y.** Sarah I. Hale

    **z.** Denice Town / Kristine Zewe (Pemco Insurance representatives)

**10. Notification of Witnesses:** The Court expects the parties will extend professional courtesy by providing one day advance notice before calling a witness.

**11. Special witness needs/issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters.)

    **a.** If counsel anticipates that a Zoom setup will not be needed on any day of trial, they should notify the Court by the lunch break of the prior day.

**12. Trial procedures regarding evidence**

    **a.** Objections: Grounds only without explanation or outside presence of jury

    **b.** Procedures for demonstrative aids: Each party must notify the other of the demonstrative they intend to use by the start of the court day prior to the day the party will use the demonstrative.

    **c.** Witnesses: non-exempt excluded, experts allowed to be present.

    **d.** Deposition evidence: reserved for impeachment purposes.

    **e.** Sidebars: if counsel has an objection that needs to be taken up outside the presence of the jury, counsel should indicate to the Court that the objection might take some time. Counsel should be prepared for the Court to inquire as to whether the objection can be taken up at the next break.

**13. Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to see if the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel must notify the Court of the issue by email atEstudilloOrders@wawd.uscourts.gov.

## <u>APPENDIX A</u>

**<u>Proposed General Voir Dire Questions – (Note: the Court reserves the right to modify each question as necessary during voir dire.)</u>**

1. This trial is expected to last for ten days. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day.  We will have a morning break of fifteen minutes, a lunch break of an hour and a half, and an afternoon break of fifteen minutes.  At the end of the fifth day, there is no time limit on the amount of time that the jury may deliberate. Is there any prospective juror who cannot be here for the anticipated duration of the trial? (explain hardship)

2. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

3. [Read Neutral Statement of the Case]  Have any of you heard or read anything about this case?

4. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

5. Does anyone know the Plaintiffs or their attorneys or law firm, or know anyone who works for the Plaintiffs' law firm?

6. Does anyone know of the Defendant or its attorneys or law firm, or anyone who works for the Defendant or its law firm?

7. I will now ask counsel for the Plaintiff to list all of the witnesses that may be called to testify. Please raise your card if you believe that you know any of these witnesses. [Counsel reads names.]

8. I will now ask counsel for the Defendant to list any additional witnesses that may be called to testify. Please raise your card if you believe that you know any of these witnesses. [Defense counsel reads names.]

9. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc?

10. Do you have any training or work experience in the field of law?

11. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court? Have you ever served as the foreperson?

12. Have you ever testified before in any court proceeding? (not a deposition.)

13. Does anyone know any of the other prospective jurors from any contact other than your meeting this morning?

14. Does any prospective juror believe that he or she has strong feelings, either positive or negative, regarding our system of compensating individuals with money damages for injuries?

15. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

16. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

17. If you were the plaintiff/defendant in this case, is there anyone who would not want a juror with your present state of mind sitting on the jury?

18. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

[Note:  the Court reserves the right to modify or eliminate any of the parties' proposed questions, upon further review, if any appear to be duplicative or unnecessary.]

**Plaintiffs' proposed voir dire questions (not including the Court's standard questions above)**

1. Provide a summary of your educational background including the highest grade completed in school, any college or post-graduate level of education?

2. Give a summary of your employment background including your current employer and job, past employers you've worked for and past jobs held, and length of employment in each position.

3. Give a summary of your marital history including whether you are married or single, number of marriages or divorces, and length of each marriage.

4. If you are married, state whether your spouse works outside the home, identify your spouse's employer and how far your spouse has gone in school?

5. If you have children, give their names, ages, and identify who they work for?

6. Where do you reside? Have you ever lived in the City of Vancouver?

7. The plaintiff in this case is Sergeant Julie Ballou. Do you know or have you heard of Sgt. Ballou?

8. The plaintiffs' attorneys in this lawsuit are Stephen L. Brischetto and Matthew C. Ellis. Do you know or have you heard of Mr. Brischetto or Mr. Ellis?

9. The defendants in this case are the City of Vancouver and former Chief of Police James McElvain. Have any of you worked for or engaged in business with the City of Vancouver?

10. Do you know or have you heard of James McElvain?

11.  Has any member of your family or any close friends worked for or engaged in business with the City of Vancouver?

12. Have you, any member of your family or any close friends had any interactions with law enforcement? If so, where those experiences positive or negative?

PRETRIAL CONFERENCE AGENDA - 10

13. Have you ever held a job that required you to interact with the Vancouver Police Department? If so, were those experiences positive or negative?

14. The City of Vancouver is represented by Daniel Lloyd and Sara Baynard-Cooke of the Vancouver City Attorney's Office. Do you know or have you heard of Mr. Lloyd or Ms. Baynard-Cooke?

15. Have you, your family or close friends had interactions with the Vancouver City Attorney's office? If so, were those experiences positive or negative?

16. Some of the witnesses in this case are (read names of witnesses from plaintiff's and defendant's witness lists), does anyone know, or have you heard of any of the witnesses in this case?

17. If you have ever been employed in a position that required you to hire and fire employees, please identify the employers in which you held such a position, the nature of the position, your role in hiring or firing employees, and describe your experience in firing employees.

18. Have you ever owned a business or worked for an employer who was sued by an employee or former employee? If so, were you involved in any aspect of that lawsuit?

19. Have you ever been involved in a lawsuit, as a plaintiff, defendant or witness?

20. Some people feel that unions have too much power and that it is too difficult to terminate poor employees when there is a union. Other people feel that employeeswouldn't receive fair wages and conditions of employment if we didn't have unions. Which way do you lean on these questions?

21. If you have ever been a member of management in a workplace with a union, please describe any experiences you have had in dealing with union grievances.

22. Have any of you felt that you were being discriminated against or retaliated against at work? If you have describe, what you did about the discrimination, whether the discrimination was ever resolved, whether there was any impact on you financially or emotionally and how you feel now about the discrimination.

23. Do any of you have any special knowledge, training or experience concerning sex discrimination or sex stereotypes?

24. Some people believe that women who complain about discrimination in the workplace are trouble-makers. Other people believe that women should be able to speak up about discrimination in the workplace. Which way do you lean on this question?

25. Some people believe that women are not as capable as men of holding leadership positions in a police department. Other people believe that women are as capable as men

PRETRIAL CONFERENCE AGENDA - 11

of holding such positions. Which way do you lean on this question?

26. Have any of you ever concluded that an employer or supervisor was retaliating or discriminating against someone else at work? If you have, describe what you did about the situation, how it was resolved, and what the impacts financially and emotionally were on the person involved.

27. Do you know of anyone who has been a "whistleblower" meaning someone who has publicly disclosed corruption, misconduct or illegal acts by a corporation, employer or public entity? If you did, how did you feel about the whistleblowing?

28. Some people feel that whistleblowers should be protected from retaliation because they provide important information to the public on misconduct by corporations, employers and public entities. Others believe that employers, corporations and public entities should be free to discipline or discharge whistleblowers for making public disclosures without authority. Which way do you lean of this question?

29. Some people feel that employees should not be able to file lawsuits against their employer or that there are too many lawsuits filed by employees against their employer. Do you have feelings on whether employees should be able to file such lawsuits or whether there are too many such lawsuits?

30. Some people feel that public employees receive too much in terms of pay and benefits or don't work hard enough for the pay and benefits they receive. Others feel that public employees are underpaid in comparison with the private market, are overworked and underappreciated. Which way do you lean on these issues?

31. What sources do you get your news from, and why do you find those sources trustworthy?

32. Have any of you read or of heard of newspaper, radio or internet publications describing public controversies regarding complaints of sex discrimination in the City of Vancouver, the Vancouver Police Department or the Vancouver City Attorney's Office? What controversies have you read or heard of?

33. Do you have an opinion about you read or heard of those controversies?

34. Have any of you read or heard of newspaper, radio or internet publications concerning this case?

35. Some people feel that jury awards of damages in lawsuits are too high. Others feel that jury awards of damages serve an important public function in controlling corporations, employers and public entities that engage in improper conduct. Which way do you lean on this question?

36. Based on the limited information you know about this case, if you were either the Plaintiff or either Defendant, would you want someone with your state of mind on this jury? If not, why not?

**Defendant's proposed voir dire questions (not including the Court's standard questions above)**

1. Have you or someone close to you (family member or close friend) ever worked for a city, county, or state government entity?

2. Have you or someone close to you (family member or close friend) ever had a particularly positive or particularly negative experience with the City of Vancouver or with any other municipality?

3. Have you or someone close to you (family member or close friend) ever worked for a police department, whether that be in a paid or volunteer capacity?

4. Have you or someone close to you (family member or close friend) ever had a bad experience with the police or a police department?

5. Have you or someone close to you (family member or close friend) ever felt discriminated against for any reason – gender, race, sexual orientation, or any other factor?

6. Have you or someone close to you (family member or close friend) ever experienced what you felt was unfair treatment or discrimination by a supervisor or employer?

7. Have you or someone close to you (family member or close friend) ever filed a complaint or had a major dispute with a supervisor, HR person, or employer?

8. Have you or someone close to you (family member or close friend) ever made a work-related complaint, and then felt you/they got backlash or retaliation for making a complaint?

9. Have you or someone close to you (family member or close friend) ever have ever been passed over or denied a job promotion or a raise?

10. Have you or someone close to you (family member or close friend) ever been a member of a labor union?

11. Have you or someone close to you (family member or close friend) ever been disciplined for work-related deficiencies, given a poor evaluation, or placed on probation by an employer?

12. Have you ever had a job where you felt you were being held to a higher standard or subjected to different rules than other employees in the same or similar job?

13. Have you or someone close to you (family member or close friend) ever been responsible for the training and/or supervision of other employees?

14. Have you or someone close to you (family member or close friend) ever had any training or work experience in Human Resources or Personnel Management?

15. Have you or someone close to you (family member or close friend) ever been involved in the investigation of an allegation of workplace discrimination or unfair treatment?

16. Have any of you ever been a plaintiff in a lawsuit, meaning you brought a lawsuit against someone else?

17. Have any of you ever been a defendant in a lawsuit, meaning someone brought a lawsuit against you?

18. Have you or someone close to you (family member or close friend) filed an employment claim against an employer seeking additional wage compensation?

19. Have you or someone close to you (family member or close friend) ever had a major dispute with an employer?

20. Have any of you filed a claim against someone, meaning you sought money from them, but it did not turn into a lawsuit?

21. Is there anyone here who believes that if a legal claim makes it to trial in a courtroom, the claim is more likely valid than not?

22. Is there anyone here who believes that if someone files a lawsuit, they are probably entitled to recover damages?

23. Are you, or is anyone close to you (family member or close friend) an attorney?

24. Are you, or is anyone close to you (family member or close friend), connected with the court system?

25. How many of you have served on a jury before? For those of you who have served on a jury, was the case civil or criminal? Did you serve as the foreperson?

26. Do you know or recognize any of the attorneys or parties to this lawsuit?

27. Do you know or recognize any of the following names of people who may be witnesses in this lawsuit:

PRETRIAL CONFERENCE AGENDA - 14

a.  Julie Ballou (pronounced "Bahl-ooo")

b.  James McElvain (pronounced "Mac-uhl-vane")

c.  Brian Ruder (pronounced "Roo-duhr")

d.  Doug Luse (pronounced "Loose")

e.  Amy Foster

f.  Nannette Kistler

g.  Dave King

h.  Miranda "Missy" Skeeter

i.  Eric Holmes

j.  Barbara Kipp

k.  Jeff Olson

l.  Troy Price

m.  Marcella Fleming Reed (pronounced "Mar-sell-uh")

n.  Jan Adkins-Pont

o.  Mike Bolasina (pronounced "Bowl-uh-seen-uh")

p.  Jeff Kipp

q.  Kevin Hatley

r.  Mike Lester

s.  Kathy McNicholas

t.  Chris Sutter

u.  Rod Trumpf (pronounced "Trump-ff")

v.  Lee Lofton

w.  Therese Kubala

x.  Danielle Wass (pronounced "Wahss")

y.  Katie Savage

z.  Tanya Wollstein

aa. Jennifer Stock-Singleton

bb. Troy Price

cc. Holly Musser

dd. Lisa Takach (pronounced "Tack-itch")

ee. Thomas DeMarco

ff.  Deanna Watkins

gg. McAvoy Shipp

hh. Jaycee Elliott (pronounced "Jay-see")

ii.  Kim Kapp

jj.  Sarah Hale

kk. Jake Carlow

ll.  Jeff Skeeter

mm.      Ryan Junker

nn. Patrick Kennedy

oo. Duane Boynton (pronounced "Boy-n-tuhn")

pp. Debra Quinn

qq. Liani Reeves (pronounced "Lee-ah-nee")

rr.  Vicki Ballou

ss.  Norman Ballou

tt.  Matthew Ballou

28. Before today, had you heard or read anything about this case?

29. Is there anything that the Court has not asked that you want to tell the Court or the attorneys, or you believe that the Court or attorneys ought to know?

30. Is there anyone here who would prefer to give their responses in private?