UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE BALLOU,<br><br>               Plaintiff,<br>    v.<br><br>JAMES MCELVAIN,<br><br>               Defendant. | CASE NO. 3:19-cv-05002-DGE<br><br>PRETRIAL CONFERENCE SUMMARY |

**Rulings on Motions in Limine**: The following is a summary of the Court's rulings on the parties' motions in limine. (Dkt. Nos. 118, 119, 120.) For the reasons stated during the pre-trial conference, the Court ORDERS as follows:

      **Agreed Motions in Limine (Dkt. No. 118)**

PRETRIAL CONFERENCE SUMMARY - 1

1. **Neither party may introduce evidence of settlement negotiations.**
   - GRANT.
2. **The parties move that all non-party witnesses should be excluded from the courtroom during trial; the City of Vancouver may designate an official to be its trial representative.**
   - GRANT.
3. **Plaintiff may ask leading questions of the following witnesses on direct examination: Defendant James McElvain.**
   - GRANT.

**Plaintiff's Motions in Limine (Dkt. No. 119)**

1. **Permitting Plaintiff to ask leading questions of adverse witnesses other than Chief McElvain.**
   - GRANT as to witnesses identified in this motion in limine and RESERVE as to unidentified witnesses; Defendants may object at trial on an individual basis.
2. **Excluding Testimony Regarding Plaintiff's Divorce from Leonard Gabriel and Complaints arising from the end of the relationship.**
   - DENY, admonishing Defense not to ask about personal issues or the internal investigation against Plaintiff in the jury's presence.

**Defendants' Motions in Limine (Dkt. No. 120)**

**A. Categories of damages other than lost wages, emotional distress, and punitive damages, to include a prohibition against asking the jury for an amount other than lost wages.**

- DENY as to additional categories of damages, as failure to disclose calculations on backpay/benefits is a harmless error in this instance, not requiring sanctions under Rule 37.
- GRANT as to identifying a specific amount or range for emotional distress and punitive damages.

**B. Unproven allegations outside the police department, are too remote in time, or involve neither Ballou nor McElvain (specified below).**

1. **Debra Quinn, Exhibit 50 (Quinn v. City of Vancouver), allegations therein, and settlement thereof.**

   - GRANT.  The allegations involve a different department and different individuals from the instant case; not probative of Defendant McElvain's motive or intent.  Potential probative value, if any, is outweighed by undue prejudice and possible confusion of the jury under Rule 403.

2. **Exhibits 12-16 (Dobbs harassment)**

   - GRANT, as it occurred prior to Defendant McElvain's tenure with Vancouver Police Department.  Potential probative value, if any, is outweighed by undue prejudice and possible confusion of the jury under Rule 403.

2. **Exhibits 18-21 (allegations predating McElvain)**

   - MOOT; Defendants withdraw, reserving right to object at trial.

PRETRIAL CONFERENCE SUMMARY - 3

3. **Exhibits 40, 42-43, 45 (Skeeter exclusion from training)**

   - DENY.

4. **Exhibits 44, 46, 52 (12/6/17 HR training)**

   - GRANT, as it is outside the scope of issues at trial. Potential probative value, if any, is outweighed by undue prejudice and possible confusion of the jury under Rule 403.

5. **Exhibit 117 (Terry Rodriguez Allegation)**

   - GRANT, as it is outside the scope of issues at trial. Potential probative value, if any, is outweighed by undue prejudice and possible confusion of the jury under Rule 403.

6. **Exhibit 157 (Shayda Le Investigative Report)**

   - MOOT; Defendants withdraw, reserving right to object at trial.

7. **Liani Reeves & Exhibits 165-166**

   - GRANT. This exhibit was first identified as a potential exhibit on September 26, 2023 and was not previously identified by any party during discovery.

C. **Testimony, evidence and argument that Ballou or others suffered harassment or a hostile work environment.**

   - GRANT. Plaintiff may argue the IA investigations were a "fig leaf" for McElvain's real, discriminatory motive in refusing to promote her to Sergeant but may not argue she suffered harassment or a hostile work environment.

D. **Argument that any action initiated after January 23, 2019 is a basis for liability, including but not limited to Exhibits 134, 146, 152 & 153.**

- DENY.  Parties shall work together to draft a limiting instruction explaining to the jury the basis for admission/use evidence regarding conduct after January 23, 2019.

E. **Argument for punitive damages against the City, to include "sending a message" or speaking the "conscience of the community.**

- GRANT as to request for punitive damages against City.
- DENY as to remainder of motion, subject to Defendants' raising an objection during trial based on context.

F. **Witnesses and/or exhibits from testifying to legal conclusions, including "deliberate indifference," "discrimination," and/or "retaliation," to include Exhibit 126.**

- DENY, subject to Defendants' raising an objection during trial as to a specific question or testimony.

G. **Plaintiff may not present anyone as a possible expert other than Jennifer Stock-Singleton.**

- MOOT, as parties agree Plaintiff will not call any expert.

H. **Vicki Ballou**

- GRANT, as Plaintiff failed to list the witness in their disclosures.

PRETRIAL CONFERENCE SUMMARY - 5

**Other Rulings**: The Court additionally made the following pretrial rulings.

1. Exhibit 566 not allowed in current form; the parties submit a new redacted exhibit.
2. All exhibits which the parties have stipulated admissibility will be deemed pre-admitted and the parties may freely use them at trial.
3. The Court will distribute to the jury copies of the Stipulation of Facts contained in agreed Jury Instruction No. 12 (Dkt. No. 122).

Dated this 1st day of November 2023.

David G. Estudillo
United States District Judge