Hon. David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JULIE BALLOU,<br><br>   Plaintiff,<br><br> vs.<br><br>JAMES McELVAIN, P.H.D., in his individual and representative capacity; and CITY OF VANCOUVER, a municipal corporation,<br><br>   Defendants. | No. 3:19-cv-05002-DGE<br><br>DEFENDANTS' POCKET BRIEF RE: ADMISSIBILITY OF EXHIBITS 573-580 |

At the continuation of the Pretrial Conference on October 31, 2023, Plaintiff stipulated to the authenticity of Exhibit 566, which is a series of text messages to and from Ballou produced in discovery. The Court, however, directed Defendants to redact the irrelevant texts and information on Exhibit 566. Defendants have done so and prepared the spreadsheet in a much more readable form as Exhibits 573-580. The exhibits are divided into the separate conversations Plaintiff had with various people:

- ***Exhibit 573:*** Det. Missy Skeeter
- ***Exhibit 574:*** Cmdr. Amy Foster
- ***Exhibit 575:*** Sgt. Ryan Junker
- ***Exhibit 576:*** Thomas DeMarco
- ***Exhibit 577:*** Sgt. Patrick Kennedy
- ***Exhibit 578:*** Sharon Ricks, Beth Graves, Brandy Ostrom

DEFS.' POCKET BRIEF RE: EXS. 573-80 - 1
(W.D. Wash. Cause No. 3:19-cv-05002-DGE)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1  • ***Exhibit 579:*** Ofc. Michael Maini

2  • ***Exhibit 580:*** Sgt. Zachary Ripp

As these exhibits are all stipulated to be authentic text conversations, the only question that remains is admissibility. As to the texts that Ballou sent to others, they are her own statements and excluded from the definition of hearsay. FRE 801(d)(2)(A).

As to statements by persons other than Ballou, they are not hearsay if Defendants offer the text for reasons other than proving the truth of the matter asserted. FRE 801(c)(2). This would apply to questions posed by Ballou's colleagues, friends, and boyfriend, *e.g.* Ex. 576 at 6 (text line 708, ("Why not?"); Ex. 578 at 1 ("Did you get the promotion?")). The same rationale exempts any criticisms made by Ballou's colleagues or friends of Corporal Holly Musser, who initiated one of the IA investigations on which Ballou premises her lawsuit (IAC 2018-0175). (*E.g.*, Ex. 578 at 3 ("Wait what- from one of your fb posts?").) Because these texts would not be offered to prove the truth of what is stated in the text, they are not hearsay. *L.E. v. Lakeland Joint Sch. Dist. #272*, 403 F. Supp. 3d 888, 897-98 (D. Idaho 2019) (out-of-court statement "that L.E. was raped" not hearsay because party offered it not to prove that L.E. was raped, but rather "to prove the District had notice").

As to texts to which Ballou responds in the affirmative—thereby "'manifest[s] an adoption or belief in [the] truth' of the information contained in the" text to which she responds—those constitute adoptive admissions by a party-opponent. *Sea-Land Serv. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002) (quoting FRE 801(d)(2)(B)). Therefore, those texts are adoptive admissions and not hearsay.

As for relevance, it must be remembered that Plaintiff contends that the various IA investigations against her were initiated for unlawful reasons, and that the delay of her promotion was due to unlawful reasons. Against this backdrop, Defendants generally address the substance of the text conversations and why they meet the test for relevancy.

DEFS.' POCKET BRIEF RE: EXS. 573-80 - 2
(W.D. Wash. Cause No. 3:19-cv-05002-DGE)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

**A.     Exhibit 573 (texts with Missy Skeeter)**

One of the IA investigations that Ballou challenges as an unlawful "fig leaf" for the denial of her promotion in January 2019 is Internal Affairs Case ("IAC") 2018-0175. This IA was initiated after Cpl. Holly Musser (a female) alleged that a photograph Ballou posted on Facebook and a comment Skeeter posted about the photo violated the Department's social media policy.

Exhibit 573 depicts a conversation between Ballou and Skeeter regarding that very IA allegation. The text messages were all sent or received between October 21-30, 2018, and cast blame for the IA not on Chief McElvain or the City, but rather on Cpl. Musser exclusively. This conversation is therefore highly relevant in that it reflects a belief—even if transitory—that IAC 2018-0175 was not initiated for gender or retaliatory reasons. This was the precise reason cited by the Court for denying Plaintiff's second motion in limine—the texts between Ballou and her then-boyfriend (Thomas DeMarco)—pondering if her ex-husband (Leonard Gabriel) was the true reason for the denial of her promotion. Further highlighting the relevancy, Ballou would later file an allegation that Cpl. Musser violated that same social media policy, which in turn prompted Cpl. Musser to complain that Ballou was retaliating against her in violation of City and Department policy. Ballou will cite this subsequent IA investigation stemming from Musser's allegation of retaliation/harassment (IAC 2018-0206) as another alleged adverse employment action against her. Consequently, these texts have extreme probative value, thereby dwarfing whatever prejudicial effect Plaintiff might claim.

**B.     Exhibit 574 (texts with Amy Foster)**

Amy Foster is a VPD Commander who supports Plaintiff's case. The first two pages of Exhibit 574 reflects a conversation between Ballou and Foster regarding the investigation being conducted at the time by Mike Bolasina, whom the City hired to investigate Ballou's claims of discrimination that are at issue in this case (both Foster and Bolasina are witnesses identified by Plaintiff). In one text, Ballou writes, "I sorta hope it goes past oct to see what the chief is going to do when hendo leaves." (Ex. 574 at 1.) Ballou will argue that Bolasina's investigation was

DEFS.' POCKET BRIEF RE: EXS. 573-80 - 3
(W.D. Wash. Cause No. 3:19-cv-05002-DGE)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

unreasonably drawn out, which in turn affected her promotion chances. But this text undermines the credibility of her claim that any delay was adverse to her. Furthermore, another IA investigation about which Plaintiff complains is an allegation of insubordination for discussing an open investigation while it was pending. Defendants are entitled to present evidence of Ballou violating the very policy with which she claimed to have complied.

Texts 300-303 (Column A, page 3) are withdrawn. Defendants agree those are inadmissible and will redact those.

In texts 304-310 (Column A, pgs. 3-4), Ballou refers to evidence and describes her lawsuit to Foster as "our claim." Foster does not deny that the lawsuit is "her claim" too, which can reflect bias or prejudice in favor of Plaintiff. 9TH CIR. MODEL J. INSTR. 1.14 (identifying the same as factors to consider in weighing a witness's credibility). The same can be said about texts 311-326, in which Foster provides Ballou with advice on how to bolster her case.

Lastly, text 353 again expresses the target of Ballou's ire as Musser. The text, sent October 18, 2018, the day she received notice of Musser's social media allegation—refers to Musser as a "fu**ing c*nt." The texts that follow reveal Foster's response. They are unquestionably relevant.

### C. Exhibit 575 (texts with Ryan Junker)

Exhibit 575 contains texts with Ryan Junker, a VPD Sergeant (who has lower seniority than Plaintiff) who is on Plaintiff's witness list. Text 184 (Column A, pg. 2) is a text from Ballou that states, "Well I don't trust anyone but she didn't pull that info outta her ass." This text is referring to Barbara Kipp, the sergeant from the Professional Standards Unit who investigated all of the IAs against Ballou except for one. The text was sent August 7, 2018, which is referring directly to the underlying IA into Ballou's failure to take a report that led to McElvain passing her over for promotion. Therefore, they reflect a concession that Kipp conducted this IA fairly and with integrity.

DEFS.' POCKET BRIEF RE: EXS. 573-80 - 4
(W.D. Wash. Cause No. 3:19-cv-05002-DGE)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1    The texts on page one refer to Ballou criticizing her supervising sergeant (Pat Kennedy) for providing information about Ballou's substandard performance. Junker's texts merely provide context to the conversation. The remainder of the exhibit contains Ballou's texts describing the October 2018 promotion, Musser's IA complaint against her, and her complaint against Musser. To be sure, Text 689 reflects Ballou's belief that Musser filed the IA complaint as an effort "to keep me from being promoted." (Ex. 575, at 3.) The texts are all highly relevant.

**D.     Exhibit 576 (Thomas DeMarco)**

Mr. DeMarco is Plaintiff's current husband, but boyfriend at the time (thereby eliminating any claim of marital privilege). The Court already recognized the relevance of text 10686, which is Ballou pondering whether her "ex" and "his shenanigans" were the reason why she was not promoted in July 2018. Notably, this text was sent contemporaneously with the effective date of the first promotion.

Pages 1-2 is a discussion from May 6, 2018, (two days before Ballou's first IA interview) of Ballou wondering if the IA investigations "might [cause police admin] to decide I'm unfit," and deny her the promotion.

Defendants withdraw texts 9176-9190 (pgs. 2-4).

Texts 9499-9500 (page 4) discuss the timing of when Ballou was informed of McElvain's decision to pass her over.

The remainder of the exhibit contains texts that speak to (a) assistance by Commander Nannette Kistler with building her case (texts 15034-15045); and (b) Commander Kistler advising Ballou about the pending IA initiated by Cpl. Musser (texts 15046-15052). For the same reason the similar texts from Foster are admissible, so too should these texts.

**E.     Exhibit 577 (Patrick Kennedy)**

Patrick Kennedy was Ballou's direct supervisor at the time McElvain denied her the promotion in July 2018. The texts in 577 all stem from a conversation on May 15, 2018, when Ballou admits to violating policy. (*See* Ex. 577 at 2) ("I can explain why I violated policy of [sic]

DEFS.' POCKET BRIEF RE: EXS. 573-80 - 5
(W.D. Wash. Cause No. 3:19-cv-05002-DGE)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

someone needs it."). This stands in contrast to Ballou's claim that she did nothing wrong. Kennedy's texts provide context. The exhibit is admissible.

### F. Exhibit 578 (Sharon, Beth, Brandy)

Exhibit 578 contains a text thread with Ballou's friends. The first series of texts from March 8, 2018, reflect Ballou viewing the Sergeant's Mentoring Program in a positive light—which is the basis for Defendants' same-actor inference argument.

The texts on May 23, 2018, lead to a statement by Ballou that she "[p]robably won't get promoted unil end of June *unless they pass me up*," reflecting a contemporaneous belief that her misconduct would lead to McElvain promoting someone else. (Ex. 578 at 2, text 19505) (emphasis added).

The remaining texts are all from October 18, 2018, and refer to the allegation Musser initiated against Ballou and Ballou's condemnation of Musser for doing so. Again, this subject matter is at the heart of this case.

### G. Exhibit 579 (Ofc. Michael Maini)

Exhibit 579 are a series of four texts offered for the same reason why the Court denied Plaintiff's Motion in Limine #2:

| From | Body | Status | Timestamp: Date |
|---|---|---|---|
| +13609802248 Michael Maini | Why would he want to skip you? | Read | 6/25/2018 |
| +15037302056 +15037302056 | No clue. Maybe I'm being sensitive. I just can't figure out why I wouldn't be acting and why I wouldn't be promoted when Davis leaves. | Sent | 6/25/2018 |
| +15037302056 +15037302056 | I think there is admin who doesn't like me | Sent | 6/25/2018 |
| +15037302056 +15037302056 | And I can't seem to shake the shadow of my ex | Sent | 6/25/2018 |

DEFS.' POCKET BRIEF RE: EXS. 573-80 - 6
(W.D. Wash. Cause No. 3:19-cv-05002-DGE)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

**H.    Exhibit 580 (Sgt. Zachary Ripp)**

Exhibit 580 contains texts in reverse chronological order (due to Sgt. Ripp using an Android device). These text messages from Ballou comment on Musser's allegation of misconduct and again reference her "association with my ex" as a reason for her troubles. For the same reasons discussed above, the exhibit is relevant and admissible.

Exhibit for the texts withdrawn from Exhibits 574 and 576 as stated above, the Court should overrule any objection to the text messages and admit Exhibits 573-80.

DATED on November 6, 2023.

CITY ATTORNEY'S OFFICE
VANCOUVER, WASHINGTON

By:        /s/ Daniel G. Lloyd
Daniel G. Lloyd, WSBA No. 34221
Sara E. Baynard-Cooke, WSBA No. 35697
Assistant City Attorneys
Attorneys for Defendants
PO Box 1995
Vancouver, WA 98668-1995
**Tel:** 360.487.8500; **Fax:** 360.487.8501
dan.lloyd@cityofvancouver.us
sara.baynard-cooke@cityofvancouver.us

DEFS.' POCKET BRIEF RE: EXS. 573-80 - 7
(W.D. Wash. Cause No. 3:19-cv-05002-DGE)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501