UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE BALLOU,<br><br>                    Plaintiff,<br>    v.<br><br>JAMES MCELVAIN,<br><br>                    Defendant. | CASE NO. 3:19-cv-05002-DGE<br><br>ORDER ON MOTION TO FILE UNDER SEAL (DKT. NO. 124) |

This matter comes before the Court on Defendants' objections to filing certain materials under seal (Dkt. No. 124) and Plaintiff's response (Dkt. No. 135.)

The evidence at issue consists of chart notes from Plaintiff's therapist Dr. Jennifer Stock Singleton, which were admitted as Plaintiff's Exhibit 161 (Dkt. No. 126), and an excerpt from Dr. Stock Singleton's deposition (Dkt. No. 127). The exhibits were put forth in support of Defendants' opposition (Dkt. Nos. 125, 129) to Plaintiff's motions in limine (Dkt. No. 119).

"There is a strong presumption of public access to the court's files." LCR 5(g). For motions to seal that comply with the local rules, courts generally apply a "compelling reasons"

standard. *Baird v. BlackRock Institutional Trust Company, N.A*. 403 F.Supp.3d 765 (N.D. Cal. 2019) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–678 (9th Cir. 2010)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted).

To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Plaintiff argues there are multiple compelling reasons to seal both Dr. Stock-Singleton's chart notes and the deposition excerpt.

|   |   |
|---|---|
| 1 | First, she notes that both documents relate to Defendants' motions in limine response, so the material is "more than tangentially related to the merits of the case[.]" (Dkt. No. 135) (citing *Center for Auto Safety v. Chrysler Group. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The Court agrees that the documents related to the merits of the case: Plaintiff sought damages for emotional distress and her mental health professional's notes and testimony on their appointments were relevant to those damages—though plaintiff ultimately chose not to present such evidence at trial. |

Second, Plaintiff cites multiple Ninth Circuit district courts for the proposition that "the need to protect medical privacy, including psychological records, qualifies as a "compelling reason" for sealing records." (Dkt. No. 135 at 3.) Both the chart notes and the deposition excerpt discuss Plaintiff's mental state, including mental health symptoms. The Court agrees there is great need to protect such sensitive medical information from public disclosure.

Third, she argues that just because Plaintiff's medical condition is at issue does not mean that it must be available to the public. Plaintiff argues her "interest in keeping [her] sensitive health information confidential outweighs the public's need for direct access to the medical records." (*Id*. at 4.) The Court agrees with Plaintiff's assessment: there is of course a difference between putting forth evidence in a more intimate courtroom setting, to be heard by a limited number of people, and putting that information on the internet, to be searchable in perpetuity.

Defendants object, arguing that because Exhibit 161 was going to be a trial exhibit and Dr. Stock-Singleton was going to be one of Plaintiff's lay witnesses, the evidence should not remain sealed. The Court is unpersuaded by these arguments. Even had the chart notes been a trial exhibit, that does not preclude them from being filed under seal—as discussed above, publishing medical information online creates a far greater breach of privacy than showing that

information for a limited period of time to a limited number of people. Further, the case concluded without Plaintiff calling Dr. Stock-Singleton as a witness, so Defendants' argument about the Dr. Stock-Singleton's testimony is moot.

Accordingly, the Court finds Plaintiff has put forth compelling reasons to file the exhibits under seal and GRANTS Defendants' motion to file under seal.

Dated this 28th day of November 2023.

David G. Estudillo
United States District Judge